{¶ 59} I respectfully dissent from the decision reached by the majority. The record clearly and convincingly demonstrates that (1) Bobbie Jo Ridenour is incapable of properly caring for her children, and (2) terminating her parental rights and granting permanent custody of her minor children to the Lake County Department of Jobs and Family Services is in the children's best interest. The majority opinion essentially reaches the same conclusion on these two findings. The majority, however, feels compelled to reverse the decision because of procedural deficiencies in the juvenile court's proceedings. Since these deficiencies do not call into question the validity of the result reached below, I cannot concur in reversing that decision.
 {¶ 60} Under the first assignment of error, the majority opinion acknowledges that the failure of the guardian ad litem to execute his duties had no prejudicial effect on the ultimate decision reached in this case. The majority cites to numerous decisions that have affirmed the termination of parental rights, despite this procedural deficiency, because there was no prejudice and the ultimate result was not compromised. See In reR.C., 8th Dist. No. 82453, 2003-Ohio-7062, at ¶ 22; In reJohns, 5th Dist. No. 2003CA00146, 2003-Ohio-3621, at ¶¶ 9-12;In re Bowers, 10th Dist. Nos. 02AP-347 and 02AP-379, 2002-Ohio-5084, at ¶ 34; In re Tyas, 12th Dist. No. CA2002-02-010, 2002-Ohio-6679, at ¶ 17; In re Marie K. (June 8, 2001), 6th Dist. No. L-01-1036, 2001 Ohio App. LEXIS 2549, at *5-*6; In re Nethers (June 5, 2000), 5th Dist. No. 99 CA 104, 2000 Ohio App. LEXIS 2353, at *9-*10; In re Malone (May 11, 1994), 4th Dist. No. 93CA2165, 1994 Ohio App. LEXIS 2140, at *30. I would follow these cases in upholding the juvenile court's decision where the parents cannot demonstrate actual prejudice as a result of the guardian's performance.
 {¶ 61} The only practical effect of today's decision is to prolong the inevitable. These unfortunate proceedings have been going on for six years. Regardless of what the children or guardian ad litem might say regarding their wishes, the evidence overwhelmingly demonstrates that permanent placement of these children with Lake Family Services is in their best interest. Nothing can occur on remand to alter this result. Accordingly, I respectfully dissent.